# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Joshua Alan Esget,

                Plaintiff,              Civ. No. 12-2164 (RHK/AJB)

                                               **ORDER**

v.

Adecco USA, Inc.,

                Defendant.

---

This matter is before the Court on Plaintiff Joshua Alan Esget's Motion to Remand (Doc. No. 5). For the reasons that follow, his Motion will be denied.

Esget alleges in this action that Defendant Adecco USA, Inc. ("Adecco"), his former employer, violated the Minnesota Whistleblower Act, Minn. Stat. § 181.932 *et seq.*, when it terminated his employment.[1] (See generally Doc. No. 1-1.) He commenced this action in the Hennepin County, Minnesota District Court in August 2012, seeking "lost wages, lost future wages from loss of opportunity and mental anguish totaling $75,000.00 USD," and further asking "the court to order punitive damages in a manner [it] sees prudent." (Id. at 4.)

Invoking diversity jurisdiction, Adecco removed the action to this Court on September 4, 2012. It pointed out that it is a Delaware corporation with its principal place of business in Melville, New York, while Esget is a Minnesota citizen residing in

---

[1] The statute generally prohibits retaliation against an employee who, "in good faith, reports a violation or suspected violation of any federal or state law." Minn. Stat. § 181.932, subd. 1(1).

St. Louis Park, Minnesota. (Doc. No. 1 ¶¶ 7-8.) It further asserted, based on the allegations in the Complaint, that Esget "seeks at least $75,000" in damages. (Id. ¶ 6.)

Esget now moves to remand. He does not seriously dispute that the parties are citizens of different states.[2] Rather, the crux of his argument is that the $75,000 amount-in-controversy requirement has not been satisfied. The Court disagrees.

As the party invoking the Court's jurisdiction, Adecco bears the burden of establishing the amount in controversy clears the $75,000 jurisdictional hurdle. James Neff Kramper Family P'ship v. IBP, Inc., 393 F.3d 828, 831 (8th Cir. 2005). It must "show by a preponderance of the evidence the claims originally asserted by [Esget] could, that is might, legally satisfy the amount in controversy requirement." Id. To do so, Adecco points to two demands in Esget's Complaint. It first notes that Esget alleges $75,000 in damages for "lost wages, lost future wages from loss of opportunity and mental anguish." Given that he was earning nearly $500 per week (or approximately $20,000 per year) when his employment ended in 2011 (see Douglas Decl. Ex. A), it is not implausible to conclude that he could recover this sum were he victorious in this

---

[2] Esget acknowledges that he is a Minnesota citizen, but he suggests that "complete diversity may not exist as [Adecco] has established substantial business operations within the State of Minnesota." (Pl. Mem. at 3.) Under the diversity statute, a corporation is a citizen of its state of incorporation and the state in which its "principal place of business" is located. 28 U.S.C. § 1332(c)(1). A corporation's "principal place of business" is its "nerve center," typically "the place where the corporation maintains its headquarters." Hertz Corp. v. Friend, __ U.S. __, 130 S. Ct. 1181, 1192-93 (2010) (rejecting notion that corporation is citizen of state of its "general business activities"). Here, Adecco has submitted evidence indicating that its headquarters are in New York, where "many of its high level officers direct, control, and coordinate [its] activities," including "(1) matters related to the financing of [its] operations; (2) advertising and marketing of services; and (3) directing general business strategy and operation." (Karabelas Decl. ¶¶ 5-7.) Accordingly, it is a citizen of New York and not Minnesota, despite its in-state contacts.

action.  Hence, his demand has put $75,000 into controversy.  See Scottsdale Ins. Co. v. Universal Crop Prot. Alliance, LLC, 620 F.3d 926, 931 (8th Cir. 2010) ("[A] complaint that alleges the jurisdictional amount in good faith will suffice to confer jurisdiction"); Kopp v. Kopp, 280 F.3d 883, 885 (8th Cir. 2002) (amount plaintiff demands is in controversy unless "no fact finder could legally award it").

Of course, the diversity statute requires an amount in controversy *exceeding* $75,000, and hence the foregoing falls one penny short of a sufficient basis for diversity. But as Adecco correctly notes, Esget also seeks punitive damages, which must be included in the calculation.  E.g., OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 348 (8th Cir. 2007).  And only one cent of punitive damages, on top of the $75,000 discussed above, is needed to clear the jurisdictional minimum.  Accordingly, the Court has little trouble concluding that Esget's claims "could, that is might, legally satisfy the amount in controversy requirement."  James Neff Kramper, 393 F.3d at 831; see also Anthony v. Sec. Pac. Fin. Servs., Inc., 75 F.3d 311, 315 (7th Cir. 1996) ("Where punitive damages are required to satisfy the jurisdictional requirement in a diversity case, a two-part inquiry is necessary.  The first question is whether punitive damages are recoverable as a matter of state law.  If the answer is yes, the court has subject matter jurisdiction unless it is clear 'beyond a legal certainty that the plaintiff would under no circumstances be entitled to recover the jurisdictional amount.'") (citation omitted).[3]

---

[3] It is undisputed that Esget may recover punitive damages if successful on his Whistleblower Act claim.  See Morrow v. Air Methods, Inc., 884 F. Supp. 1353, 1356-57 (D. Minn. 1995) (Doty, J.).

- 3 -

Notably, Esget does not really argue otherwise. Rather, he contends that despite requesting punitive damages in the Complaint, he has no "personal interest" in such damages and, hence, they are not part of the amount in controversy. (Pl. Mem. at 2 (arguing that punitive damages should be "administered by the court," to be "used for a public good").) But even if he were correct that the Court could be the recipient of those damages – a proposition that would appear to violate principles of standing – it would not change the conclusion that such damages are *in controversy*. This is because the Court must look to "the object the plaintiff seeks to accomplish through litigation" when evaluating the amount in controversy. MCC Mortg. LP v. Office Depot, Inc., 685 F. Supp. 939, 943 (D. Minn. 2010) (Kyle, J.) (citation omitted); accord, e.g., Hatridge v. Aetna Cas. & Surety Co., 415 F.2d 809, 815 (8th Cir. 1969) (Blackmun, J.) ("[I]t is the amount or value of that which the complainant seeks to recover, or the sum or value of that which the defendant will lose if the complainant succeeds in his suit, that constitutes the jurisdictional sum or value of the matter in dispute."). Here, Esget has put punitive damages into controversy merely by seeking them, even were they ultimately to land in the Court's coffers.

One final point bears mentioning. Under Minnesota law, Esget was precluded from asserting a claim for punitive damages in his Complaint. Minn. Stat. § 549.191; Heaven & Earth, Inc. v. Ross Nesbit Agencies, Inc., No. A10-1109, 2011 WL 69314, at *7 (Minn. Ct. App. Jan. 11, 2011) ("A plaintiff in a civil lawsuit may not plead a claim for punitive damages in its initial complaint. Rather, a plaintiff seeking punitive damages

must move to amend the pleadings to add a punitive-damages claim."). Yet, the Court may still consider them when calculating the amount in controversy, based on the *potential* for such damages in the future. Indeed, were it otherwise, cases seeking a small amount of compensatory damages but possibly implicating punitive damages would be in jurisdictional limbo until a plaintiff requested leave to seek such damages and the Court decided the issue. Jurisdiction in that instance would turn on whether the request were granted (in which case jurisdiction would exist) or denied (in which case jurisdiction would not exist), flouting two hoary principles: (1) jurisdiction is measured at the time the complaint is filed (or the case is removed) and (2) jurisdiction cannot be lost by developments after a case is commenced. Schubert v. Auto Owners Ins. Co., 649 F.3d 817, 822 (8th Cir. 2011).

As Judge Schiltz noted under similar circumstances, declining to consider the prospect of punitive damages at removal would mean that "after a [case] is removed to federal court, jurisdiction would neither exist nor not exist. Instead, the lawsuit would float in some kind of suspended animation [until the] court decides whether to" permit an amendment seeking punitive damages. Delsing v. Starbucks Coffee Corp., Civ. No. 08-1154, 2010 WL 1507642, at *2 (D. Minn. Apr. 14, 2010). "This would be a strange way to run a railroad." Id. Hence, courts have held that the "mere availability" of punitive damages, based on the defendant's alleged conduct, puts those damages "in controversy" for diversity purposes. Feller v. Hartford Life & Acc. Ins. Co., 817 F. Supp. 2d 1097, 1103 (S.D. Iowa 2010) (quoting Dow Agrosciences, L.L.C. v. Bates, 332 F.3d 323, 326

n.5 (5th Cir. 2003)) ("A court may read claims for punitive damages into a pleading if it is clear such damages are possible based upon the cause of action asserted."); accord, e.g., Price v. USAA Cas. Ins. Co., No. 2:10-CV-2152, 2012 WL 590781, at *3 (W.D. Ark. Feb. 22, 2012) (considering punitive damages when determining amount in controversy "because Plaintiff did not specifically disclaim any entitlement to punitive damages at the time of removal," and the "recovery of punitive damages in this action was at least possible based on the claims brought by Plaintiff").

It may be, in the end, that Esget will not recover punitive damages, but his final "recovery does not control the jurisdictional inquiry." Cooper v. S & H Inc., Civ. No. 11-2783, 2012 WL 245116, at *3 (D. Minn. Jan. 25, 2012) (Ericksen, J.) (citing One Point, 486 F.3d at 349). At this juncture, it suffices that Adecco has shown Esget "might[] legally satisfy the amount in controversy requirement." James Neff Kramper, 393 F.3d at 831; accord Kopp, 280 F.3d at 884 (possibility of punitive damages satisfied amount-in-controversy requirement despite plaintiff's other damages "fall[ing] well below the requisite amount"). Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that Esget's Motion to Remand (Doc. No. 5) is **DENIED**.

Dated: October 12, 2012            s/Richard H. Kyle
                                                       RICHARD H. KYLE
                                                       United States District Judge